**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LEKENDRICK LAWUN MURPHY,

    Plaintiff,                                  Civil Action No. 08-14140

v.                                          HONORABLE DENISE PAGE HOOD

DONALD E. SHELTON,

    Defendant.
_____/

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*
AND
ORDER OF SUMMARY DISMISSAL**

    Before the Court is Plaintiff LeKendrick Lawun Murphy's Application to Proceed *In Forma Pauperis.* A review of Plaintiff's application supports Plaintiff's claim of pauper status. The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court dismisses the Complaint against Defendant Donald E. Shelton, a Washtenaw County Circuit Judge.

    Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district

> court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972).

Liberally construing the Complaint, Plaintiff fails to state a claim against Defendant Shelton, a Washtenaw County Circuit Court Judge. The Complaint is devoid of any factual allegations against Defendant Shelton, other than stating that Defendant Shelton violated past judgments. Additionally, Defendant Shelton, acting in his capacity as a judge, is entitled to absolute immunity. It is well settled that judicial officers are absolutely immune from claims for damages under 42 U.S.C. § 1983. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Plaintiff's Complaint must be dismissed.

Accordingly,

IT IS ORDERED that the Application to Proceed *In Forma Pauperis* (**Doc. No. 2, filed September 26, 2008**) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2)(B). Any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-611.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: January 23, 2009

I hereby certify that a copy of the foregoing document was served upon LeKendrick L. Murphy, 312 W. Huron, Ann Arbor, MI 48104 on January 23, 2009, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager